UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-10569 DMG (JEMx)** | Date | February 6, 2012 |
| Title | *Lakeshore Learning Materials v. Custom Earth Promos LLC, et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On December 12, 2011, Defendant Custom Earth Promos, LLC ("Custom Earth") removed this action from the Los Angeles County Superior Court on the basis of diversity jurisdiction.

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Serv., Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Citizenship is determined as of the date the action was filed in state court. *See Digimarc*, 549 F.3d at 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824))).

Custom Earth asserts that it is a Florida limited liability company with its principal place of business in West Palm Beach, Florida. While a corporation is deemed to be a citizen of both its state of incorporation and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The removing party has the burden of demonstrating diversity by a preponderance of the evidence. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-10569 DMG (JEMx)** | Date | February 6, 2012 |
| Title | *Lakeshore Learning Materials v. Custom Earth Promos LLC, et al.* | Page | 2 of 2 |

     Therefore, Custom Earth is **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of diversity jurisdiction.  Custom Earth shall file its response on or before **February 21, 2012**.  The February 10, 2012 hearing on Custom Earth's pending motion to stay and to compel arbitration is vacated pending resolution of the jurisdictional issue and will be reset by the Court if necessary.

**IT IS SO ORDERED.**

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |